UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RAJINDER SINGH,

    Plaintiff,

v.

WELLS FARGO, N.A., and
DTE ENERGY COMPANY

    Defendants.

_____/

Case No. 17-cv-10620
Hon. Matthew F. Leitman

## OPINION AND ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS (ECF ## 27, 28)

In this action, Plaintiff Rajinder Singh alleges that Defendants Wells Fargo, N.A. and DTE Energy Company breached certain contractual duties that they owed to him. (*See* First Am. Compl., ECF #26.) Singh claims that as a result of the alleged breaches, DTE stock that he owned escheated to the State of Michigan.[1] Defendants have now moved to dismiss Singh's claims pursuant to Federal Rule of Civil Procedure 12(b)(6). (*See* ECF ## 27, 28.) For the reasons that follow, the motions are **GRANTED**.

---

[1] Singh's First Amended Complaint at times alleges that his "stock" escheated to the State of Michigan and at other times alleges that "the value of" of his stock escheated to the State. (First Am. Compl. at ¶¶ 31, 39, ECF #26 at Pg. ID 405-07.) For ease of reference and consistency, the Court will refer to the "stock" as having escheated.

1

# I[2]

In or around May 1976, Singh purchased 100 shares of DTE common stock. (*See* First Am. Compl. at ¶8, ECF #26 at Pg. ID 402.) Singh "thereafter contracted with DTE on a dividend reinvestment plan" related to his DTE stock (the "Plan"). (*Id.* at ¶10, Pg. ID 402.)

In 2010, Wells Fargo became the Plan Administrator under the Plan pursuant to a "Transfer Agent Services Agreement" with DTE (the "Services Agreement"). (*Id.* at ¶¶ 13-14, Pg. ID 403.) On July 30, 2010, DTE sent correspondence to its shareholders informing them about Wells Fargo's new role (the "July 2010 Notice"). (*See id.* at ¶17, ECF #26 at Pg. ID 403-04.) The July 2010 Notice told shareholders that their account information would be "securely transferr[ed]" to Wells Fargo and that their dividend reinvestments would continue without any action required on their part:

> Effective August 2, 2010, all of your account information will securely transfer to Wells Fargo Shareowner Services. If your dividends are deposited directly to your bank account or if you receive dividend checks, your current method of delivery will continue. If your dividends are reinvested, your Plan participation will continue without interruption. No action is required on your part.

(*Id.* at Pg. ID 404, quoting the July 2010 Notice.)

---

[2] The facts set forth in this section are drawn from the First Amended Complaint and taken as true, as they must be in the context of the pending motions to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

It turns out that "DTE failed to properly provide Wells Fargo with [Singh's] contact and other information." (*Id.* at ¶19, Pg. ID 404.) As a result of that failure, "Wells Fargo closed [Singh's] DTE reinvestment plan account and the [DTE stock in that account] escheated to the State of Michigan." (*Id.* at ¶20, Pg. ID 404.)

Neither Wells Fargo nor DTE contacted Singh when his account was closed and/or when his stock escheated to the State. (*See id.* at ¶¶ 29-30, Pg. ID 405.) In fact, Singh did not learn about the escheatment until he received correspondence from Wells Fargo in March 2013. (*See id.* at ¶¶ 18, 21. Pg. ID 404.)

According to Singh, the actions of DTE and Wells Fargo damaged him because "[t]he market value of the DTE shares rose significantly after Wells Fargo caused [his] DTE Stock to escheat to the State of Michigan." (*Id.* at ¶31, Pg. ID 405.)

## II

### A

Singh filed this action on February 27, 2017. (*See* Compl., ECF #1.) In his initial pleading, he brought the following claims:

- Negligence against DTE and Wells Fargo. (*See id.* at ¶¶ 27-37, ECF #1 at Pg. ID 4-5.)
- Breach of Fiduciary Duty against DTE and Wells Fargo. (*See id.* at ¶¶ 38-46, Pg. ID 5-6.)
- Conversion against DTE and Wells Fargo. (*See id.* at ¶¶ 47-49, Pg. ID 6.)
- Misrepresentation against DTE. (*See id.* at ¶¶ 50-56, Pg. ID 6.)

3

- Breach of Contract against DTE and Wells Fargo. (*See id.* at ¶¶ 57-65, Pg. ID 7.)

On July 11, 2017, DTE moved for judgment on the pleadings under Federal Rule of Civil Procedure 12(c). (*See* ECF #20.) The Court held a hearing on DTE's motion on September 7, 2017. (*See* ECF #24.) At the hearing, the Court raised a number of concerns about the sufficiency of Singh's allegations. Singh responded that if the Court granted him leave to file an amended complaint, he could plead additional facts that would solidify his claims. The Court granted Singh leave to amend and stressed that Singh needed to take great care to plead with specificity his strongest possible case against the Defendants in an amended complaint.

After the hearing, the Court entered an Order that (1) terminated DTE's motion for judgment on the pleadings and (2) granted Singh leave to file a First Amended Complaint. (*See* ECF #25.) In that Order, the Court again instructed Singh to include in his First Amended Complaint "specific factual allegations that address[ed] the particular concerns raised by the Court at the hearing and that address[ed] the deficiencies identified by DTE Energy in its initial motion for judgment on the pleadings." (*Id.* at Pg. ID 400.)

**B**

Singh filed his First Amended Complaint on September 21, 2017. (*See* ECF #26.) Singh now brings just two causes of action. In Count I, Singh alleges that

Wells Fargo breached the Services Agreement when it "wrongfully caused the value of [his] shares and dividend reinvestment plan to escheat to the State of Michigan and improperly closed his dividend reinvestment plan." (*Id.* at ¶39, Pg. ID 406-07.) In Count II, Singh claims that DTE breached contractual "duties" it owed him under the Plan, the Services Agreement, and/or the July 2010 Notice when it failed to "properly manage [his] shares [of DTE stock], to automatically invest [his] dividends in additional shares of stock, to properly manage such reinvestments, to properly administer [his] account, and to properly communicate with [him] about the shares." (*Id.* at ¶¶ 35, 44, Pg. ID 406, 408.)

DTE filed a motion to dismiss Singh's claims on September 28, 2017. (*See* ECF #27.) Wells Fargo joined that motion on October 4, 2017. (*See* ECF #28.) The Court deems it appropriate to decide the motions without oral argument. *See* E.D. Mich. Local Rule 7.1(f)(2).

## III

Defendants have moved to dismiss Singh's claims under Rule 12(b)(6) of the Federal Rules of Civil Procedure. "To survive a motion to dismiss" under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v.* Twombly, 550 U.S. 544, 555 (2007)). A claim is facially plausible when a plaintiff pleads factual content that permits a court

5

to reasonably infer that the defendant is liable for the alleged misconduct. *See id*. When assessing the sufficiency of a plaintiff's claim, a district court must accept all of a complaint's factual allegations as true. *See Ziegler v. IBP Hog Mkt., Inc.*, 249 F.3d 509, 512 (6th Cir. 2001). "Mere conclusions," however, "are not entitled to the assumption of truth. While legal conclusions can provide the complaint's framework, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 664. A plaintiff must therefore provide "more than labels and conclusions," or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 556. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

## IV

As described above, Singh maintains that DTE and Wells Fargo breached the Services Agreement and that DTE also breached the Plan and July 2010 Notice. (*See* Singh. Resp. Br., ECF #29 at Pg. ID 646-48.) The Court will address the claims related to each alleged contract separately below.

### A

Singh's claim that DTE and Wells Fargo breached the Services Agreement fails because he does not having standing to assert a claim for a breach of that agreement. Singh acknowledges that he is not a party to the Services Agreement,

but he claims that he has standing to sue for breach because he is a third-party beneficiary of that agreement. (*See id.* at Pg. ID 646-47.) The Court disagrees.

Under Michigan law, "[a] promise shall be construed to have been made for the benefit of a person whenever the promisor of said promise had undertaken to give or to do or refrain from doing something *directly to or for said person*." M.C.L. § 600.1405(1) (emphasis added). As the Michigan Supreme Court has explained:

> By using the modifier directly, the Legislature intended to assure that contracting parties are clearly aware that the scope of their contractual undertakings encompasses a third party, directly referred to in the contract, before the third party is able to enforce the contract. An objective standard is to be used to determine, from the form and meaning of the contract itself, whether the promisor undertook to give or to do or to refrain from doing something directly to or for the person claiming third-party beneficiary status.

*Schmalfeldt v. North Pointe Ins. Co.*, 670 N.W.2d 651, 654 (Mich. 2003) (internal citation and punctuation omitted). "Thus, only intended, not incidental, third-party beneficiaries may sue for a breach of a contractual promise in their favor." *Id.*

Singh is not an intended third-party beneficiary of the Services Agreement. Indeed, that agreement *excludes* Singh from that status. Specifically, the Services Agreement provides that "*nothing in this Agreement* shall be construed to give any person or entity other than [Wells Fargo] and [DTE] … any legal or equitable right, remedy or claim under this Agreement. This Agreement shall be for *the sole and exclusive* benefit of [Wells Fargo] and [DTE]." (ECF #27-3 at Pg. ID 461; emphasis

7

added.)[3] The Services Agreement therefore does not confer third-party beneficiary status on any person or party, including Singh.

Singh counters that "[a]n objective consideration of the [Services] Agreement shows that, despite [Singh] not being directly named, the Agreement directly benefitted [him] – and the failure of performance has certainly burned him." (Singh Resp. Br., ECF #29 at Pg. ID 651.) But Singh has not cited any case in which any court has found third-party beneficiary status where, as here, the relevant agreement provides that it is not intended to bestow *any* benefits on *any* third parties.

For all of these reasons, Singh cannot state a claim for breach of the Services Agreement based on a third-party beneficiary theory.

---

[3] Singh did not attach a copy of the Services Agreement to the First Amended Complaint. DTE attached a copy to its motion to dismiss. (*See* ECF #27-3.) Because Singh's pleading refers to the Services Agreement and because that agreement is central to Singh's claims, the Court may consider it when ruling Defendants' motions to dismiss. *See, e.g.*, *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008) (In ruling on a motion to dismiss, a court may consider "the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein"). Singh does not dispute that the Services Agreement attached to DTE's motion is the Services Agreement on which his claim is based. (*See* Singh Resp. Br., ECF #29 at Pg. ID 650.)

**B**

Singh's claim that DTE breached the Plan fails because the Plan includes a strict limitation on DTE's liability for breaches of that agreement, and Singh has not alleged sufficient facts to avoid that limitation.

More specifically, the Plan provides that "DTE Energy and the Plan Administrator [are] … not liable for any actions performed in good faith or [for] the failure to perform any actions in good faith." (ECF #27-4 at Pg. ID 488.)[4] But the First Amended Complaint does not include any factual allegations that, if proven, would tend to establish that DTE failed to act in good faith. Singh alleges only that DTE "failed to properly provide Wells Fargo with [Singh's'] contact and other information," which he says led to Wells Fargo closing his account and escheating his stock to the State of Michigan. (First Am. Compl. at ¶20, ECF #26 at Pg. ID 404.) He says nothing about the circumstances surrounding DTE's alleged failure to provide that information to Wells Fargo. Simply put, Singh's allegations are not sufficient to overcome the Plan's limitation on DTE's liability, and the Court will therefore dismiss Singh's claim that DTE breached the Plan.

---

[4] Singh did not attach a copy of the Plan to the First Amended Complaint. DTE attached a copy to its motion to dismiss. (*See* ECF #27-4.) As explained in footnote three, *supra*, the Court may consider the Plan because Singh referred to it in the First Amended Complaint and because it is central to his claims. In addition, Singh does not dispute that the Plan attached to DTE's motion is the Plan on which his claim is based. (*See* Singh Resp. Br., ECF #29 at Pg. ID 652.)

9

## C

Finally, Singh's claim that DTE breached the July 2010 Notice fails because that notice is not a "contract" at all. It does not purport to memorialize or reflect the terms of any agreement between Singh and DTE. And it was not an "offer" that Singh "accepted" in a manner that formed a binding agreement.[5] It was simply an update that DTE sent to certain shareholders concerning the administration of their dividend reinvestment accounts. Accordingly, Singh may not assert a claim for "breach" of the notice.

Singh's claim related to the July 2010 Notice also fails because it is time-barred. Under Michigan's statute-of-limitations, "[t]he period of limitations is 6 years for all [] actions to recover damages or sums due for breach of contract." M.C.L. § 600.5807(8). "The six-year limitation of MCL 600.5807(8) begins to run at the time that the promisor fails to perform under the contract." *Miller-Davis Co. v. Ahrens Const. Co.*, 848 N.W.2d 95, 105 (Mich. 2014). Indeed, claims under Michigan law "accure[] at the time of the wrong upon which the claim is based was done *regardless of the time when damage results*." M.C.L. § 600.5827 (emphasis added).

---

[5] In fact, Singh alleges that he did not receive the July 2010 Notice until 2013, (*see* First Am. Compl. at ¶18, ECF #26 at Pg. ID 404), and that allegation underscores that Singh could not have "accepted" the terms in the notice so as to form a binding contract concerning the operation of his reinvestment account. By 2013, Singh's account had been *closed* for at least two years.

10

Here, to the extent that the July 2010 Notice contained any enforceable promise, it was a promise to "securely transfer" Singh's account information to Wells Fargo *on August 2, 2010*. (*See* First Am. Compl. at ¶17, ECF #26 at Pg. ID 403-04, quoting July 2010 Notice.) Thus, if DTE breached the July 2010 Notice, that breach occurred on August 2, 2010. Accordingly, Singh had to file his claim for breach of the notice by August 2, 2016. But he did not file this action until February 27, 2017. (*See* Compl., ECF #1.) Singh filed too late.

Singh responds that his action is timely because he did not suffer damages until his stock escheated to the State of Michigan on February 28, 2017, and March 1, 2017 (both within the six-year limitations period). (Singh Resp. Br., ECF #29 at Pg. ID 654-55.) But as noted above, his claim accrued "at the time of the wrong" even if he did not suffer damages until later. M.C.L. § 600.5827. That "wrong" was DTE's alleged failure to provide Singh's proper contact information to Wells Fargo on August 2, 2010. Singh's breach-of-contract claim based on the July 2010 Notice is therefore time barred.

V

The Court is not unsympathetic to Singh. If what he alleges is true, then through no fault of his own he lost his DTE stock due to errors by DTE and/or Wells Fargo. That seems unfair. But the sole question before this Court is whether Singh has pleaded viable breach of contract claims against DTE and Wells Fargo in the

11

First Amended Complaint. He has not. Therefore, for all of the reasons explained above, **IT IS HEREBY ORDERED** that Defendants' motions to dismiss (ECF ## 27, 28) are **GRANTED**.

Dated: November 3, 2017

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on November 3, 2017, by electronic means and/or ordinary mail.

s/Holly A. Monda
Case Manager
(810) 341-9764