UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RAJINDER SINGH,

    Plaintiff,

v.

WELLS FARGO, N.A., and
DTE ENERGY COMPANY

    Defendants.
_____/

Case No. 17-cv-10620
Hon. Matthew F. Leitman

## ORDER DENYING PLAINTIFF'S MOTION TO ALTER OR AMEND JUDGMENT (ECF #34)

In this action, Plaintiff Rajinder Singh alleges that Defendants Wells Fargo, N.A. and DTE Energy Company breached certain contractual duties that they owed to him. (*See* First Am. Compl., ECF #26.) Singh says that as a result of those breaches, DTE stock that he owned escheated to the State of Michigan. (*See id.*) The Defendants moved to dismiss Singh's First Amended Complaint (*see* ECF ## 27, 28), and the Court granted the motions on November 3, 2017 (*see* ECF #32).

As relevant here, the Court dismissed Singh's claim that DTE breached provisions of his dividend reinvestment plan (the "Plan"). The Court held that Singh's allegations were insufficient to overcome the Plan's strict limitation on DTE's liability for alleged breaches:

> Singh's claim that DTE breached the Plan fails because the Plan includes a strict limitation on DTE's liability for breaches of that agreement, and Singh has not alleged sufficient facts to avoid that limitation.
>
> More specifically, the Plan provides that "DTE Energy and the Plan Administrator [are] … not liable for any actions performed in good faith or [for] the failure to perform any actions in good faith." (ECF #27-4 at Pg. ID 488.) But the First Amended Complaint does not include any factual allegations that, if proven, would tend to establish that DTE failed to act in good faith. Singh alleges only that DTE "failed to properly provide Wells Fargo with [Singh's'] contact and other information," which he says led to Wells Fargo closing his account and escheating his stock to the State of Michigan. (First Am. Compl. at ¶20, ECF #26 at Pg. ID 404.) He says nothing about the circumstances surrounding DTE's alleged failure to provide that information to Wells Fargo. Simply put, Singh's allegations are not sufficient to overcome the Plan's limitation on DTE's liability, and the Court will therefore dismiss Singh's claim that DTE breached the Plan.

Singh has now filed a motion pursuant to Federal Rule of Civil Procedure 59(e) in which he asks the Court to reinstate his claim that DTE breached the Plan. (*See* ECF #34.) For the reasons that follow, the Court **DENIES** Singh's motion.

# I

Singh moves the Court to reconsider its ruling under Federal Rule of Civil Procedure 59(e). "A court may grant a Rule 59(e) motion to alter or amend if there is: (1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Intera Corp. v.*

2

*Henderson*, 428 F.3d 605, 620 (6th Cir. 2005). "This standard is not inconsistent with the 'palpable defect' standard" that applies to motions for reconsideration under Local Rule 7.1. *Henderson v. Walled Lake Consol. Schools*, 469 F.3d 479, 496 (6th Cir. 2006) (holding that district court "did not err" when it applied standards in Local Rule 7.1 to a Rule 59(e) motion). Under Local Rule 7.1, "[t]he court will not grant [a] motion[ ] … that merely present[s] the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect ... but also show that correcting the defect will result in a different disposition of the case." E.D. Mich. L.R. 7.1(h)(3). Indeed, Rule 59(e) motions "are not intended as a vehicle to relitigate previously considered issues ... and are not the proper vehicle to attempt to obtain a reversal of judgment by offering the same arguments previously presented." *Kenneth Henes Special Projects Procurement v. Continental Biomass Industries, Inc.*, 86 F.Supp.2d 721, 726 (E.D. Mich. 2000).

**II**

Singh raises four arguments in his motion. None persuade the Court to reconsider its dismissal of Singh's breach of contract claim against DTE.

Singh first argues that even though DTE delegated some of its contractual duties to Wells Fargo, DTE nonetheless "remained liable to [him] under the Plan." (ECF #34 at Pg. ID 742.) But the Court did not rule that DTE's delegation of some duties to Wells Fargo somehow insulated DTE from liability. Instead, the Court

3

ruled that DTE's potential liability for breaches of the Plan was strictly limited to breaches committed in the absence of good faith. Singh's contention that DTE "remained liable" does not undermine the basis of that ruling.

Second, Singh asserts that DTE breached the Plan "[t]hrough Wells Fargo's [n]egligence." (ECF #34 at Pg. ID 744.) But, again, this argument does not address the Court's conclusion that any potential liability of DTE under the Plan was strictly limited to breaches of the Plan committed in the absence of good faith. Singh has also failed to establish that even if Wells Fargo was negligent, that he could prevail on a claim against DTE. Singh has not presented any authority that Wells Fargo's alleged negligence is tantamount to a lack of good faith that could give rise to liability for breach of the Plan.

Third, Singh argues that the Court erred when it held that he failed to plead any facts that, if true, would tend to establish a lack of good faith by DTE. Singh asserts that the escheatment of his investment "[e]vidences" DTE's bad faith. (*Id.* at Pg. ID 744-75.) The Court disagrees. The fact that the investment escheated, standing alone, says nothing about whether DTE acted in the absence of good faith. The escheatment was the *result* of the alleged breach of the Plan; it does not explain *how* or *why* that alleged breach occurred.

Finally, Singh insists that "[a]ny questions regarding DTE's and Wells Fargo's good faith compliance with commercially reasonably standards should at a

4

minimum be subject to discovery." (*Id.* at Pg. ID 745.) But, as noted above, Singh has not specifically identified a single allegation in his First Amended Complaint that speaks to whether DTE acted in good faith. Singh is not entitled to discovery where his First Amended Complaint fails to allege sufficient facts to state a viable claim.

For all of these reasons, Singh has not established that the Court should alter or amend its judgment in this case. Singh's motion (ECF #34) is therefore **DENIED**.

**IT IS SO ORDERED**.

Dated: December 18, 2017

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on December 18, 2017, by electronic means and/or ordinary mail.

s/Holly A. Monda
Case Manager
(810) 341-9764

5